UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH BRADLEY,             )
                            )
           Plaintiff,        )
                            )
      v.                  ) CAUSE NO:    3:21-cv-636
                            )
WAL-MART STORES EAST, LP,   )
                            )
          Defendant.     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Joseph Bradley ("Bradley), brings this action against Defendant, Wal-Mart Stores East, LP ("Defendant"), for discriminating against him because of his military service, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

## PARTIES

2. Bradley has at all relevant times resided within the Northern District of Indiana.

3. Defendant is a retail business operating within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this complaint alleges claims under USERRA.

5. Bradley is an "employee" within the meaning of 38 U.S.C. § 4303(3) and a member of the "uniformed services" within the meaning of 38 U.S.C. § 4303(17).

6. Defendant is an "employer" within the meaning of 38 U.S.C. § 4303(4).

7. Venue is proper in this Court because all events and transactions giving rise to this action occurred in Wabash County, Indiana, which is located in the Northern District of Indiana, South Bend Division.

## FACTUAL ALLEGATIONS

8. Bradley is a member of the Indiana National Guard and has been for more than 16 years.

9. Bradley's National Guard service requires that he be on duty one weekend per month, three full weeks per year, and other deployments as ordered.

10. Bradley has been proud of his National Guard service.

11. Defendant hired Bradley in or around September 2014 as an assistant manager at its location in Wabash, Indiana.

12. At all relevant times, Bradley's supervisor was store manager Justin Ramsey ("Ramsey").

13. At all relevant times, Bradley's work performance met Defendant's reasonable expectations.

14. Ramsey knew about Bradley's National Guard service.

15. In November 2019, Ramsey approached Bradley about being featured in a newspaper article about Defendant's employment of veterans and service members.

16. Bradley agreed and worked with Ramsey and a newspaper reporter to produce a front-page article about his service and employment with Defendant.

17. Bradley provided pictures, a brief story about his military career, and a positive statement about his employment.

18. The story ran in the *Wabash Plain Dealer* on Veterans Day and took up most of the front page.

19. Defendant received positive feedback as a result of the article.

20. In October 2019, Bradley informed Ramsey that it was likely that his unit would be deployed for several months in 2020, and that he would provide more information when he received it.

21. In early January 2020, Bradley had National Guard training in Georgia.

22. Shortly after he returned from training, on or around February 1, he received his deployment order, stating that he was going to be deployed from June 26 through November 18.

23. Bradley promptly gave Ramsey his orders.

24. On February 23, Ramsey terminated Bradley's employment.

25. Ramsey did not give Bradley a reason for the termination.

26. Defendant has accorded more favorable treatment to similarly-situated employees who are not members of the uniformed services and/or who did not have lengthy military deployments.

27. Defendant has taken adverse employment action against Bradley because of his membership in the uniformed services and/or because of his deployment.

28. Any reason given by Defendant for the adverse employment action taken against Bradley is pretextual.

29. Defendant has violated Bradley's rights as protected by USERRA.

30. Defendant's actions were intentional, willful, and in reckless disregard of Bradley's rights as protected by the USERRA.

31. Bradley has suffered and continues to suffer injuries as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Joseph Bradley respectfully requests that the Court find for him and order that Defendant:

1. Reinstate Bradley to his previous position, salary, and seniority, or pay front pay to Bradley in lieu of reinstatement;

2. Pay lost wages and benefits to Bradley;

3. Pay liquidated damages to Bradley;

4. Pay pre- and post-judgment interest to Bradley;

5. Pay Bradley reasonable attorneys' fees and costs incurred in pursuing this matter; and

6. Provide to Bradley all other legal and equitable relief that this Court determines appropriate to grant.

Respectfully submitted,

s/ John H. Haskin
John H. Haskin, Atty. No. 7576-49

s/ Samuel M. Adams
Samuel M. Adams, Atty. No. 28437-49

s/ Paul A. Logan
Paul A. Logan, Atty. No. 17661-02
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              sadams@jhaskinlaw.com
              plogan@jhaskinlaw.com
Attorneys for Plaintiff, Joseph Bradley

## DEMAND FOR JURY TRIAL

Plaintiff, Joseph Bradley, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ John H. Haskin*

John H. Haskin, Atty. No. 7576-49

*s/ Samuel M. Adams*

Samuel M. Adams, Atty. No. 28437-49

*s/ Paul A. Logan*

Paul A. Logan, Atty. No. 17661-02

JOHN H. HASKIN & ASSOCIATES

255 North Alabama Street, 2nd Floor

Indianapolis, Indiana  46204

Telephone:    (317)955-9500

Facsimile:    (317)955-2570

Email:        jhaskin@jhaskinlaw.com

sadams@jhaskinlaw.com

plogan@jhaskinlaw.com

Attorneys for Plaintiff, Joseph Bradley